IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

TEXARKANA DIVISION

| | | |
|---|---|---|
| JERRIS BLANKS | § | |
| v. | § | CIVIL ACTION NO. 5:22cv86 |
| WARDEN SALMONSON, ET AL. | § | |

REPORT AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE

The Plaintiff Jerris Blanks, a former inmate of the Federal Correctional Institution in Texarkana proceeding *pro se*, filed this civil action under *Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics*, 403 U.S. 388, 389 (1971) complaining of alleged violations of his rights. The case was severed out of a habeas corpus petition which Plaintiff filed, and consists of complaints about the conditions of confinement which Plaintiff raised in that habeas petition. The lawsuit has been referred to the undersigned United States Magistrate Judge pursuant to 28 U.S.C. 636(b)(1) and (3) and the Amended Order for the Adoption of Local Rules for the Assignment of Duties to United States Magistrate Judges.

On October 4, 2022, the Court ordered Plaintiff to pay the statutory filing fee of $402.00 or submit a properly certified *in forma pauperis* data sheet or inmate account summary sheet, as required by 28 U.S.C. § 1915(b). By separate order that same date, the Court directed Plaintiff to file an amended complaint setting out a short and plain statement of the claim alleging sufficient facts which, taken as true, state a claim which is plausible on its face. Plaintiff received copies of these orders on October 7, 2022, but to date has not complied, nor has he responded in any way.

A district court may dismiss an action for failure of a litigant to prosecute or to comply with any order of the court. *McCullough v. Lynaugh*, 835 F.2d 1126, 1127 (5th Cir. 1988); Fed. R. Civ. P. 41(b). Such a dismissal may be done *sua sponte* and appellate review is confined to whether the

1

district court abused its discretion in dismissing the action. *Id.*, *citing Link v. Wabash Railroad Co.*, 370 U.S. 626, 630-31, 82 S.Ct. 1386, 8 L.Ed.2d 734 (1962).

      Plaintiff's failure to comply with the Court's orders is not an action which threatens the judicial process, rendering dismissal with prejudice unwarranted. The imposition of fines and costs is not appropriate given the status and nature of this case. Plaintiff does not state when the events forming the basis of his lawsuit occurred, raising the possibility that some or all of his claims may now be barred by the statute of limitations, effectively converting a dismissal without prejudice into a dismissal with prejudice. The Fifth Circuit has held that a dismissal for failure to prosecute which is tantamount to a dismissal with prejudice can be an abuse of discretion unless there is a showing of contumacious conduct, of which there is none in this case. *Millan v. USAA Gen. Indem. Co.*, 546 F.3d 321, 326 (5th Cir. 2008).

      Consequently, the Court has determined that the interests of justice are best served by a dismissal of this lawsuit without prejudice, with the statute of limitations suspended for a period of sixty days following the date of entry of final judgment. *See Mills v. Criminal District Court No. 3*, 837 F.2d 677, 680 (5th Cir. 1988); *Rodriguez v. Holmes*, 963 F.2d 799, 802 (5th Cir. 1992). The suspension of the statute of limitations will not affect any claims which were already barred by the operation of that statute at the time that the present lawsuit was filed; such claims would remain barred regardless of any suspension of the limitations period.

## RECOMMENDATION

      It is accordingly recommended that the above-styled civil rights lawsuit be dismissed without prejudice for failure to prosecute or to obey an order of the Court. It is further recommended that the statute of limitations be suspended for a period of sixty (60) days from the date of entry of final judgment in the case, with such suspension affecting only claims which were not barred by limitations as of November 18, 2021, the date the original complaint was signed.

A copy of these findings, conclusions and recommendations shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendations must file specific written objections within 14 days after being served with a copy.

In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the Magistrate Judge's proposed findings, conclusions, and recommendation where the disputed determination is found. An objection which merely incorporates by reference or refers to the briefing before the Magistrate Judge is not specific, and the district court need not consider frivolous, conclusive, or general objections. *See Battle v. United States Parole Commission*, 834 F.2d 419, 421 (5th Cir. 1987).

Failure to file specific written objections will bar the objecting party from appealing the factual findings and legal conclusions of the Magistrate Judge which are accepted and adopted by the district court except upon grounds of plain error. *Duarte v. City of Lewisville*, 858 F.3d 348, 352 (5th Cir. 2017).

SIGNED this the 28th day of December, 2022.

_____
J. Boone Baxter
UNITED STATES MAGISTRATE JUDGE